The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR14-00328 TSZ |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | |
| RICHARD THAYNE MUTSCHLER, | |
| Defendant. | |

## I.   INTRODUCTION

Defendant Richard Thayne Mutschler comes before the court having pled guilty to Mail Fraud in violation of 18 U.S.C. §1341. From 2008 to 2011, the Defendant stole at least $296,946.61 from his neighbors. He owned a condominium in Everett, Washington, and in early 2008, he convinced his neighbors to elect him president of their Homeowner's Association ("HOA"). Within months, the Defendant betrayed their trust by using HOA funds to pay his personal credit cards and transferring HOA funds to his personal bank accounts. After three years of using the HOA as his personal bank account, the Defendant was removed as president, leaving the HOA nearly bankrupt. The Defendant's victims were left behind without services and maintenance, and the bankrupt HOA made it difficult for them to sell their units. The Defendant caused considerable harm to the very people he was supposed to protect, and the government recommends

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. Richard Thayne Mutschler,* CR14-00328 TSZ - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

that the Court sentence the Defendant to the low-end of the Guidelines range, which the Probation Office correctly calculated was 41 months. The government also recommends that three years of supervised release follow the Defendant's imprisonment.[1]

## II. FACTUAL BACKGROUND

The Defendant was the President of the Brookfield Condominium Homeowners Association ("HOA") from February 2008 through March 2011. *See* Dkt. No. 32, ¶ 10. Brookfield is a 94-unit residential condominium development located in Everett, Washington. *Id.* As one of the Defendant's victims has explained, "Brookfield residents are hardworking, mostly working-class or middle-class people," including "retirees [and] young families with children," for whom their "modest homes are probably [their] most important investments and the biggest source of [their] financial security." *See* Victim Statements.

Brookfield is governed by its homeowners association, which is responsible for Brookfield's day-to-day management. *See* Dkt. No. 32, ¶ 10. The HOA pays for Brookfield expenses primarily by collecting dues from individual unit owners. *Id.* A board of directors comprised of a President, Secretary, Treasurer, and two directors runs the HOA, and the HOA President manages the regular Brookfield business, including by collecting bills, paying vendors, and reconciling expenditures. *Id.* The annual dues collected by the President and HOA averaged collectively approximately $230,000 per year. *Id.*

The Defendant owned one of the Brookfield units, and in early 2008, the Defendant's neighbors elected him to be their HOA President. *See* Dkt. No. 32, ¶ 10.

---

[1] Shortly before the government filed this Memorandum, it received Defendant's Objections to Pretrial Sentencing Report, Dkt. No. 43. The government has not had time to review or respond to the objections but will file a supplemental response before the sentencing hearing.

The government further requests that the Court deny the Defendant's objections as untimely. The Probation Office provided its presentence report to the Defendant on December 17, 2015. As explained by the Probation Office in its cover email and as required by Fed. R. Crim. P. 32(f)(1), the Defendant's objections were due fourteen days later, on December 31, 2015. The Defendant has now submitted objections on January 14, 2016—two weeks late and only one week before the sentencing hearing. The government therefore requests that the Court deny the objections.

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. Richard Thayne Mutschler,* CR14-00328 TSZ - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

They entrusted him with the day-to-day management of their homes, making him the sole administrator responsible for overseeing the HOA online banking account. *Id.* Within months of his appointment, the Defendant was abusing their trust and lining his pockets with their dues. *Id.*

One of the Defendant's first acts as HOA President was to consolidate his authority over HOA funds by making himself the sole property manager. *See* Presentence Report ¶ 8. The HOA had employed a property management firm, Port Gardner Management, but early in his tenure as President, the Defendant fired them. *Id.* He told members that he would manage the HOA himself as a way to save money. *Id.* In fact, the Defendant fired Port Gardner Management so that he could spend more HOA funds on himself.

With no further oversight by an outside property manager, the Defendant implemented his scheme. He began to transfer HOA funds to his personal bank accounts and use the HOA funds to pay his personal credit card. Between April 2008 and February 2010, the Defendant accessed the HOA's online bank account on approximately 43 occasions and directed HOA funds to pay his personal credit card obligations. *See* Dkt. No. 32, ¶ 10. During this time, he also accessed the HOA's online bank account on approximately 31 occasions and directed HOA funds be electronically transferred to his personal bank accounts. *Id.* The Defendant used HOA funds to pay approximately $50,987.76 in personal credit card expenses and transferred electronically approximately $245,958.00 to his personal bank accounts. *Id.* None of these payments was authorized by the HOA, and the Defendant never reimbursed the HOA. *Id.*

The Defendant took a number of steps to hide his fraud. The Defendant's first step was to create false entries in the HOA bank records and accounting software. *See* Dkt. No. 32, ¶ 10. He entered fictitious payee names into the HOA's online banking account, hiding payments to himself as "ACCTS REC Brookfield Condo" and "ACCTS PAY Brookfield Condo." *Id.* Such entries prevented the HOA from learning their bank account funds were in fact transferred to MUTSCHLER's personal accounts.

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. Richard Thayne Mutschler,* CR14-00328 TSZ - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Another step taken by the Defendant to conceal his fraud was to move across the country, far from HOA members who might see what he was doing. In 2009, the Defendant moved from Everett, Washington, to Florida. Presentence Report ¶ 8. Despite the move, he remained the HOA President and continued to manage all bookkeeping and accounts payable responsibilities for the HOA. *Id.* With this added distance from his neighbors and HOA Board members, the Defendant could further hide how he actually spent their money.

As HOA members started to ask questions about the Defendant's bookkeeping, he further hid his fraud by intimidating the very neighbors he had been appointed to protect. Concerned about HOA finances, some members scheduled a meeting to discuss them. Presentence Report ¶ 13. The Defendant retaliated by assessing fines against them and threatening them with legal fees. *Id.* One of the Defendant's victims reported that "when [he] began voicing [his] concerns about Mutschler's activities, [he] also was threatened with fines and legal actions. Mutschler assessed over $1,200 in fines and legal fees against [him]." *See* Victim Statements.

The final step in the Defendant's concealment was to create false identities and reports to cover his tracks. When HOA members began to suspect the Defendant's theft, the Defendant prepared a fake "Preliminary Forensic Audit" report to the Board of Directors that denied any fraud had occurred. Presentence Report ¶¶ 13-14. The report was purportedly prepared by a Mr. David Kirke, allegedly the founding partner of a firm in New York City called William, McNally, Harrington & Kirke. *Id.* The Board members looked into the report and discovered that the firm did not exist and the report was entirely fake. *Id.* The Defendant had created it to further hide his theft.

The Defendant created another fake identity to help him lie to police and try to blame the theft on someone else. Once law enforcement began to investigate the Defendant, it received a letter from "Colton Special Investigations" alleging that the current HOA President was the mastermind behind a substantial financial scheme under investigation by insurance carriers. Presentence Report ¶ 18. When law enforcement

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. Richard Thayne Mutschler,* CR14-00328 TSZ - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

responded to the letter and looked into the allegations, they discovered that "Colton Special Investigations" led to a corporate entity registered to the Defendant. *Id*. ¶ 19. The Defendant tried to save himself by attempting to ruin the reputation of another man.

Law enforcement continued to investigate the Defendant despite his attempts to obstruct their investigation. On November 5, 2014, the Defendant was charged in an eight-count Indictment with Mail Fraud (Counts 1-4) and Wire Fraud (Counts 5-8). On October 19, 2015, the Defendant pled guilty to one count of Mail Fraud.

### III.   SENTENCING GUIDELINES CALCULATION

The parties agreed in paragraphs 6 and 7 of the Plea Agreement, Dkt. No. 32, that the following Guidelines calculations apply:

| | |
|---|---|
| Base Offense Level, USSG § 2B1.1(a)(1) | 7 |
| Loss exceeded $250,000, USSG § 2B1.1(b)(1)(G) | 12 |
| Acceptance of Responsibility, USSG § 3E1.1 | (3) |
| **Total Offense Level** | **16** |

The Plea Agreement also provides that the parties are free to argue for or against the application of any other provisions of the United States Sentencing Guidelines. Dkt. No. 32 ¶ 6. Accordingly, the government agrees with the Probation Office's conclusion that the Defendant's Offense Level is 22. It agrees with the Probation Office's Guidelines calculation as follows:

| | |
|---|---|
| Base Offense Level, USSG § 2B1.1(a)(1) | 7 |
| Loss exceeded $250,000, USSG § 2B1.1(b)(1)(G) | 12 |
| Offense involved 10 or more victims, USSG § 2B1.1(b)(2)(A) | 2 |
| Defendant abused a position of trust, USSG § 3B1.3 | 2 |
| Defendant obstructed the administration of justice, USSG § 3C1.1 | 2 |
| Acceptance of Responsibility, USSG § 3E1.1 | (3) |
| **Total Offense Level** | **22** |

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. Richard Thayne Mutschler,* CR14-00328 TSZ - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In response to the Probation Office's Guidelines calculation, the government argued for the application of another two-point enhancement for sophisticated means under USSG § 2B1.1(b)(10)(C). *See* Addendum to Presentence Report. The government still believes that the facts support an enhancement for sophisticated means but agrees with the Probation Office that, in this case, many of the aggravating facts supporting the enhancement are also accounted for under the obstruction of justice enhancement. The government, therefore, agrees with the Probation Office's ultimate calculation of the Defendant's offense level.

The government also agrees that the Defendant falls under the Criminal History Category I.

## IV. RECOMMENDATION & JUSTIFICATION

The government recommends that the court sentence the Defendant to the low-end of the Guidelines range, which the Probation Office has correctly calculated as 41 months imprisonment. This recommendation is based on the factors set forth in 18 U.S.C. § 3553(a), with a particular focus on the nature and circumstances of the offense, the need to deter criminal conduct, and the history and characteristics of the Defendant.

### 1. Nature and Circumstances of the Offense

The nature of the Defendant's victims, the harm he caused, and the depth of his deception warrant the recommended sentence. The Defendant's victims entrusted him with the safe-keeping of their homes. As one victim explained, Brookfield residents are "mostly working-class or middle-class people," including "retirees [and] young families with children," whose "modest homes are probably [the] most important investments and the biggest source of [their] financial security." *See* Victim Statements. As the HOA president, the Defendant was responsible for managing the property and HOA dues, tasks essential to maintaining his constituents' home values and financial well-being. The victims elected the Defendant to take care of them and their families, and in the words of another victim, the Defendant "did the exact opposite." Put simply, the Defendant stole their money for himself.

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. Richard Thayne Mutschler,* CR14-00328 TSZ - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Defendant's fraud caused real harm to the victims. By the time the Defendant was replaced as HOA President, he had "drained the [HOA]'s bank accounts, leaving it without the ability to pay its outstanding bills." *See* Victim Statements. He put the Brookfield's essential services at risk, and "[e]very owner at Brookfield came within 24 hours of having their water turned off." *Id*. By stealing the HOA members' money, the Defendant put Brookfield "on the verge of bankruptcy and directly threatened the security of every homeowner." *Id*. This reduced the value of the victims' property and made it difficult to sell. One victim reported that he "considered selling and leaving the condo [but] [b]ecause Mr. Mutschler stole our money, the ability to sell our condo was reduced." *Id*. Another similarly reported that he "was scared for years that [he] would never be able to ever sell [his] home and lose everything [he] had invested in [his] property . . . all because of the association's ruined finances." *Id*. The Defendant caused even more harm when he levied fines against members who tried to investigate his conduct. As one victim reported, a former member of the Brookfield Board of Directors "attempt[ed] to voice his concerns about [the Defendant's] activities. When he attempted to contact other owners at Brookfield, he was assessed fines and legal fees in order to silence him. This former [member of the] Board of Director[s] paid the fines and legal fees . . . and left Brookfield." *Id*. The Defendant caused real financial and emotional harm to precisely those people he was supposed to protect.

The depths and layers of the Defendant's fraud further justify the recommended sentence. The Defendant made fraudulent transfers to his personal credit card and bank accounts at least 74 times, each time deciding to enrich himself at the expense of his neighbors. His fraud lasted at least three years, and during that time, he induced his victims to pay their HOA dues, often by mail, even though he knew that he would spend the dues on himself and not for Brookfield's benefit. He further hid his fraud by falsifying bank account and accounting information, making it difficult for the HOA members to review and investigate his work.

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. Richard Thayne Mutschler,* CR14-00328 TSZ - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Once investigators began looking into the Defendant's fraud, he went to even greater lengths to obstruct them from learning the truth. The Defendant made up a fake auditing firm in New York, a fake partner at the firm, and a fake audit report to mislead the HOA into believing its finances were in order. When law enforcement began its investigation, the Defendant created a fake investigator who had a P.O. Box registered to a corporate entity the Defendant created in Florida. Using this fake identity, the Defendant sent false information to law enforcement. Not only did he lie to the police, he also suggested that his successor as HOA President—the person who had led the investigation into the Defendant's deception—was a fraud and should be investigated.

The Defendant's fraud lasted many years. It was sophisticated and designed to obstruct any investigation into his theft. And the Defendant hurt the very people he was supposed to protect. Thus, the nature and circumstances of his fraud justify the recommended sentence.

**2.      Need to Protect the Public and Deter Criminal Conduct**

The recommended sentence also would deter future criminal conduct and help protect the public. Homeowner's associations entrust their boards and officers with important oversight of their shared property and interests. Such board members and officers must understand that they cannot use that authority to enrich themselves at their neighbors' expense. The Defendant in this case did just that time and again, regularly deciding over many years to steal rather than come clean. The recommended sentence will serve as a deterrent to both the Defendant and others and help to prevent similar crimes in the future.

**3.      History and Characteristics of the Defendant**

The Defendant's history and characteristics weigh in favor of a low-end Guidelines sentence. The Defendant has no other criminal convictions, and the government is unaware of any other pending charges against the Defendant. In addition, the Defendant has reported that he suffers from a number of physical ailments for which he receives regular medical treatment. Thus, there is reason to believe that a prison

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. Richard Thayne Mutschler,* CR14-00328 TSZ - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sentence may be more difficult for the Defendant than for other inmates. Finally, the Defendant pled guilty and accepted responsibility before the government or the Court had to expend considerable resources preparing for trial.

## V.   CONCLUSION

For the foregoing reasons, the government respectfully recommends that the Court impose a term at the low-end of the Guidelines range, which the Probation Office has calculated is 41 months. The government also requests that the Defendant's term of imprisonment be followed by three years of supervised release.

DATED this 14th day of January, 2016.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*/s/ Nicholas Manheim*
NICHOLAS MANHEIM
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:   (206) 553-4399
E-mail:         nicholas.manheim@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. Richard Thayne Mutschler,* CR14-00328 TSZ - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*s/ Ali Harris*
ALI HARRIS
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-4439
Fax: (206) 553-4440
Email: alissa.harris@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. Richard Thayne Mutschler,* CR14-00328 TSZ - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970